IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| DISHON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 6:22-CV-00001-H-BU |
| | § | |
| JL BAR RANCH, LP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

This negligence action was filed by Jon and Nicole Dishon (Plaintiffs) against JL Bar Ranch, LP, JL Bar GP, LLC, JBA Diversified Holdings, LLC, Lonesome Creek Resort LLC d/b/a JL Bar Ranch, Resort & Spa, and LCR Management, LLC d/b/a JL Bar Ranch, Resort & Spa (Defendants) on October 22, 2021. Dkt. No. 1.

Before the Court is Movants' (JL Bar Ranch, LP and JL Bar GP, LLC) Motion to Dismiss Pursuant to FED. R. CIV. P 12(b)(6) filed on March 28, 2022. Dkt. No. 24. Movants seek to dismiss all claims against them, asserting that Texas law does support Plaintiffs' theory of negligence, gross negligence, and vicarious liability against a lessor of property on the facts alleged. *See id.* Plaintiffs filed their Response to the motion on April 18, 2022 (Dkt. No. 27), and Movants filed a reply on April 28, 2022 (Dkt. No. 28).

This case was referred to the undersigned for pretrial management with instructions to submit a report and recommendation on dispositive motions under 28 U.S.C. § 636(b)(1)(A). Dkt. No. 16. And a motion to dismiss for failure to state a claim is a

1

dispositive matter under Section 636(b)(1)(A). For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

## I. BACKGROUND

This is an action concerning a Utility Terrain Vehicle (UTV) accident involving the Dishon family at the JL Bar Ranch, Resort & Spa (Resort). Dkt. No. 23 at 3. While on a guided tour offered by the Resort, a UTV operated by R. Dishon lost control, injuring the passenger D.A. Dishon. *Id.* at 4. D.A. Dishon was airlifted from the Resort to a hospital for treatment of her injuries. *Id.* at 16.

Jon and Nicole Dishon, individually and as parents of minors D.A. Dishon, R. Dishon, and T. Dishon, assert claims of negligence and gross negligence against the Defendants for injuries sustained by D.A. Dishon and bystander liability claims for themselves and R. Dishon and T. Dishon. *Id.* at 7–16. Additionally, Plaintiffs argue that Defendants "are all vicariously liable for the negligent acts and omissions of each other." *Id.* at 7.

Defendant Lonesome Creek Resort, LLC d/b/a JL Bar Ranch, Resort & Spa is a Texas limited liability company that leases the property the Resort is located on. *Id.* at 2. Defendant LCR Management, LLC d/b/a JL Bar Ranch, Resort & Spa, is a Texas limited liability company that employs the employees that work at the Resort. *Id.* Defendant JL Bar Ranch, LP is a Texas Limited Partnership that owns the property where the Resort is located. *Id.* Defendant JL Bar GP, LLC is a Texas limited liability company that is the general partner of JL Bar Ranch, LP. *Id.* James and Lois Archer are the sole members of GL Bar GP, LLC. Dkt. No. 23 at 2. James and Lois Archer are also the limited partners of

2

JL Bar Ranch, LP. *Id.* Thus, James and Lois Archer are the owners of the entities that own the property where the resort is located. *See id.*

## II.  LEGAL STANDARDS

A. <u>Basis for Federal Jurisdiction</u>

Federal courts may exercise diversity jurisdiction over a civil action between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The Court retains jurisdiction over this action because Plaintiffs are citizens of California, the Defendants are Texas corporations or partnerships, and the amount in controversy exceeds $75,000. *See* Dkt. No. 23 at 3. Venue is proper in the San Angelo division of this Court because a substantial part of the events or omissions giving rise to the claims asserted occurred in Sutton County, which lies in that division. *Id.*

Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Accordingly, a Texas tort claim brought in diversity in federal court will result in the application of Texas tort law. *Parham v. Ryder Sys., Inc.*, 593 F. App'x 258, 260 (5th Cir. 2014). Thus, the undersigned applies Texas negligence law.

B. <u>Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)</u>

Movants bring their motion under Rule 12(b)(6), which authorizes the dismissal of a plaintiff's claim for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In ruling on a motion under Rule 12(b)(6), courts must accept a plaintiff's well-pleaded allegations as true and view them in the light most favorable to the plaintiff.

3

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, a court is not required to accept the plaintiff's use of labels, conclusions, or a statement of the legal elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

"[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3rd ed. Supp. 2021). Rather, Rule 12(b)(6) motions are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Whether Plaintiffs have the ultimate burden of proof at trial on any of their claims is irrelevant here because, for purposes of Defendants' Rule 12(b)(6) motion, Plaintiffs have no burden of proof. Rather, the issue is whether Plaintiffs, based on their pleadings, have stated a claim upon which relief can be granted." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751 (N.D. Tex. 2013).

In other words, a motion to dismiss is appropriate when the movant "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming*, 281 F.3d at 161–62. Thus, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Walker v. Beaumont Indep. School Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

4

III. ANALYSIS

Movants ask this Court to dismiss Plaintiffs' claims against them because those claims are not supported by Texas law or the facts of this case. Dkt. No. 24 at 3. In essence, Movants argue that as mere owners and lessors of the land where the accident occurred, they did not owe Plaintiffs a duty of care. *See id.* at 3–5. Accordingly, Movants assert that Plaintiffs' general negligence claim must be dismissed, as well as the accompanying gross negligence and bystander claims. *See id.* at 3–9.

The operative pleading at this juncture is Plaintiffs' Second Amended Complaint. Dkt. No. 23. Through that pleading, as it pertains to Movants, Plaintiffs Nicole Dishon and Jon Dishon, individually and as parents and next friends of D.A. Dishon, bring claims of negligence and gross negligence. *Id.* at 14–15. Plaintiffs Nicole Dishon, Jon Dishon, R. Dishon, and T. Dishon also bring bystander claims against all Defendants, including Movants. *Id.* at 15–16. Plaintiffs have not brought a premises liability claim against Movants. The undersigned now addresses each claim in turn.

A. Negligence

Plaintiffs' negligence claim against Movants turns on whether Movants owed a duty directly to Plaintiffs or whether, alternatively, there is a legal and factual basis for imposing vicarious liability indirectly. Plaintiffs' factual allegations in support of a duty are that (1) Movants "own[] the real property on which the Resort is located" and (2) as the owner(s) of the real property, Movants "had a duty to oversee and to ensure that all Resort operations on the land were conducted in a safe manner and to ensure that the Resort's operations did not endanger the commercial guests of the Resort. . . ." *Id.* at 14.

The Factual Background section of Plaintiffs' Second Amended Complaint is devoid of a specific reference to Movants or facts supporting the existence of a direct duty owed to Plaintiffs by Movants. *See id.* at 3–6. But immediately following Plaintiffs' Factual Background section is a section on Vicarious Liability, which alleges:

> On information and belief, JL Bar GP LLC is the general partner of JL Bar Ranch, LP, the owner of the land on which the Resort is located. Lonesome Creek Resort, LLC and LCR Management, LLC are responsible for Resort operations and the employment of Resort employees, respectively.

*Id.* at 6–7. Plaintiffs claim that these Defendant entities "are all vicariously liable for the acts and omissions of each other because of the close business relationship of responsibility that existed between them at the time of the incident." *Id.* Although Plaintiff's Second Amended Complaint does not specifically identify the relationship(s) they claim supports their claims against Movants, they generally allege that it takes one or more of the following forms:

> (a) an employer - employee relationship; (b) a borrowed employee relationship; (c) an agency relationship; (d) an ostensible agency relationship (including apparent agency, apparent authority and agency by estoppel); (e) a joint enterprise / joint venture; (f) a contractor/independent contractor relationship in which the vicariously liable party retained control over the services that were to be provided by the other and negligently exercised that control; (g) ratification by the vicariously liable party of the acts and omissions of the other; (h) an alter ego relationship; and/or (i) a partnership relationship.

Dkt. No. 23 at 6–7.

In the Parties section of the Second Amended Complaint, Plaintiffs claim that "JL Bar Ranch, LP owns the real property" where the accident occurred and "[t]he general partner of JL Bar Ranch, LP is JL Bar GP, LLC. . . ." *Id.* at 2. Plaintiffs further allege in

the Parties section that "[t]he sole members of JL Bar GP, LLC are James Archer and Lois Archer" who are also "the limited partners of JL Bar Ranch, LP. . . ." *Id*. Finally, Plaintiffs allege that James Archer and Lois Archer are also the sole members of the limited liability companies Lonesome Creek Resort, LLC and LCR Management, LLC d/b/a Resort. *Id*.

Movants urge that, even accepting Plaintiffs' allegations as true, owners of land in Texas—like Movants here—simply do not owe a general duty by virtue of ownership alone to "oversee and ensure that all . . . operations on [land leased to others are] conducted in a safe manner. . . ." Dkt. No. 24 at 4. Movants emphasize that:

> Unlike premises liability, which encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe, a general negligence theory encompasses a malfeasance theory based on affirmative, contemporaneous conduct that causes injury.

*Id*. at 3. Rather, Movants argue, "under Texas law, an owner or occupier of property generally has no duty to ensure safety against the allegedly dangerous acts of third persons." *Id*. at 4. Movants point out the absence of facts alleged by Plaintiffs to support that Movants did anything to "cause or contribute to the accident," including no facts to plausibly support that Movants "conducted or controlled the activity, employed the individuals involved, or otherwise had anything to do with the incident." *Id*. at 5.

In the absence of facts to support a claim that the Movants are directly liable to Plaintiffs for the accident and resulting injuries, Movants acknowledge Plaintiffs' pleading of vicarious liability based on the relationship between Movants and the other Defendant entities who operated the resort. But here Movants urge that Plaintiffs have pleaded no

7

facts to support any of the vicarious relationships, other than the alter ego theory addressed below, that might support vicarious liability. *Id*. at 7–8.

Plaintiffs respond that the Movants' motion "wholly ignores the special relationship that exists between the defendants" and that Plaintiffs should have an "opportunity to obtain discovery regarding" the "degree of retained control necessary to impose a duty on the landlord as well as the tenant. . . ." Dkt. No. 27 at 1–2. Plaintiffs urge that:

> Given the complete interrelationship and overlapping nature of these entities—all controlled by and owned by the same two individuals—many salient facts relating to vicarious liability are currently unknown to plaintiffs.

*Id*. at 3.

Plaintiffs argue that "based on the publicly available information, upon which the operative complaint is based, it is clear that the various defendant entities have a special relationship" and that the Archers "are not passive landowners exercising no control." *Id*. Indeed, Plaintiffs submit that, "[i]n fact, defendants are owned and controlled by James and Lois Archer." *Id*. Plaintiffs urge that "if the Court were to go beyond the face of the pleadings and review the lease agreement between JL Bar Ranch, LP and Lonesome Creek Resort, LLC . . . the Court would see that James B. Archer signed as President and Chief Executive Officer for both the Lessor and the Lessee." *Id.* Accordingly, it appears that Plaintiffs seek to impose vicariously liability against the Movants by having this Court pierce the corporate veil and disregard the distinct corporate entities formed by the Archers on the basis that the various legal entities merely serve as alter egos to the Archers.

As Plaintiffs note, the lease agreement "was not attached to the Motion" and neither party provided a copy with their briefing. *Id*. at 3.

In reply, Movants observe that Plaintiffs' argument is that there is something inherently nefarious about the joint ownership of entities, which is at odds with the laws allowing entities to structure themselves in such a way to avoid liability, including for jointly owned entities. Dkt. No. 28 at 2–3. Ultimately, Movants urge that Plaintiffs' invocation of vicarious liability comes with the burden to plausibly allege facts that support its application, which Movants argue Plaintiffs have failed to do. *Id*. at 3.

Taking Plaintiffs' well-pleaded factual allegations as true, these facts cannot plausibly state a claim that Movants are *directly* liable to Plaintiffs under a general negligence theory, nor do Plaintiffs appear to be pleading such a claim. In Texas, negligence consists of three elements "a legal duty owed by one person or entity to another, a breach of that duty, and damages proximately resulting from the breach." *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987). "Duty is the threshold inquiry; a plaintiff must prove the existence and violation of a duty owed to him by the defendant to establish liability in tort." *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987). And generally, "'one person is under no duty to control the conduct of another, even if he has the practical ability to exercise such control.'" *Nabors Drilling, U.S.A., Inc., v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983).

Plaintiffs have not alleged any authority, and the Court is aware of none, that requires Texas landowners to prevent the negligent activities of a lessee on leased property. Thus, to establish a negligence claim against Movants, Plaintiffs must do so indirectly through some form of vicarious liability, as Plaintiffs attempt here by arguing the existence of a "relationship of responsibility" that warrants imposing vicarious liability between

9

Movants and those Defendants who were directly involved in the accident. Dkt. No. 23 at 6–7.

"Vicarious liability is liability placed upon one for the conduct of another, based solely upon the relationship between the two." *See St. Anthony's Hosp. v. Whitfield*, 946 S.W.2d 174, 177 (Tex. App.—Amarillo 1997, writ denied); *see also Ficken v. Golden*, 696 F. Supp. 2d 21, 30 (D.C. Cir. 2010) ("Vicarious liability is not an independent cause of action") (internal quotations and citations omitted). However, with the exception of the alleged alter ego theory discussed below, Plaintiffs have only pleaded conclusions of a "relationship of responsibility" that cannot plausibly demonstrate that Movants are responsible for the alleged torts of the Defendants. *See* Dkt. No. 23 at 6–7.

Alter ego, or claiming that a corporation is "organized and operated as a mere tool or business conduit of another corporation," is a circumstance that allows a court to pierce the corporate veil. *See Castleberry v. Branscum*, 721 S.W.2d 270, 271–72 (Tex. 1986). Piercing the corporate veil allows the court to ignore the corporate fiction and hold a defendant vicariously liable for the acts of a legally distinct corporation. *Id.* at 271.

For a court to find an alter ego relationship between a defendant and a distinct legal entity, there must be "evidence of abuse" of corporate formalities, and not just "a subjective perception of unfairness.". *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008). Thus, a plaintiff must allege more than "centralized control, mutual purposes, and shared finances." *Id*. Rather, the plaintiff must allege "fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like." *Id.*

Plaintiffs argue that this Court should disregard the distinct corporate or partnership entities in this matter because an alter ego relationship exists because "all defendants are owned and controlled by James and Lois Archer." Dkt. No. 27 at 3. However, Plaintiffs have failed to plead any facts that, when taken as true, demonstrate that Movants either abused corporate formalities or otherwise engaged in fraud, evasion of obligations, or other criminal or quasi-criminal conduct. *See* Dkt. No. 23, 27. Accordingly, Plaintiffs' allegation of centralized control by James and Lois Archer, without more, fails to state a claim under an alter ego theory. *See SSP Partners*, 275 S.W.3d at 455.

Through their Response to the Motion to Dismiss, Plaintiffs request leave to amend their pleadings if the Court grants the Motion. Dkt. No. 27 at 5. Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The decision to grant such leave is within the discretion of the trial court. *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would be frivolous or futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

Here, Plaintiffs filed their original Complaint over a year ago and have twice amended their Complaint. Dkt. Nos. 10, 23. Presumably, the parties have engaged in a fair amount of at least basic discovery in that year. Indeed, it is reasonable to surmise that this is how Plaintiffs received a copy of the lease agreement. And yet, Plaintiffs are unable at this juncture to do more than argue in conclusory fashion—and then in response to a

11

Motion to Dismiss and not in one of their amended complaints—that "it is clear that the various defendant entities have a special relationship" and that the Archers "are not passive landowners exercising no control." Dkt. No. 27 at 3. Under these circumstances, further leave to amend would appear futile.

For these reasons, the undersigned RECOMMENDS that the Court deny Plaintiffs' request to further amend their pleadings and grant Movants' Motion to Dismiss Plaintiffs' negligence claims with prejudice.

B. <u>Gross Negligence and Bystander Claims</u>

Plaintiffs also assert gross negligence and bystander claims against Movants. Dkt. No. 23 at 14–15. However, since Plaintiffs fail to state a viable underlying negligence claim, their gross negligence and bystander claims against the Movants must be dismissed.

An underlying negligence claim is a prerequisite to a gross negligence claim. *See Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 903 (Tex. 1985); *see also, Doubleday & Co., Inc. v. Rogers*, 674 S.W.2d 751, 754 (Tex. 1984). Similarly, a bystander liability claim, seeking damages for emotional distress suffered as result of witnessing a serious accident, cannot be brought without an underlying negligence claim. *Boyles v. Kerr*, 855 S.W.2d 593. 598 (Tex. 1993) ("Before a bystander may recover, he or she must establish that the defendant has negligently inflicted serious or fatal injuries on the primary victim.").

As explained above, Plaintiffs failed to state a viable negligence claim against Movants because Movants owed no duty to Plaintiffs and no plausible basis for vicarious liability has been alleged. Plaintiffs inability to state a negligence claim against Movants

12

is fatal to their gross negligence claim. *See Nabours*, 700 S.W.2d at 903. And since Plaintiffs have failed to state a claim that Movants negligently caused injuries to D.A. Dishon, the bystander claims of Plaintiffs Nicole Dishon, Jon Dishon, R. Dishon, and T. Dishon also fail. *See Boyles*, 855 S.W.2d at 598.

For these reasons, the undersigned RECOMMENDS that the Movants' Motion to Dismiss the Plaintiffs' gross negligence and bystander claims be GRANTED and that Plaintiffs' claims be dismissed with prejudice.

## IV. CONCLUSION

For these reasons, the undersigned RECOMMENDS that the Movants' Motion to Dismiss be GRANTED and that Plaintiffs' claims against JL Bar Ranch, LP and JL Bar GP, LLC, be DISMISSED with prejudice. Additionally, the undersigned RECOMMENDS that Plaintiffs' request to amend their Second Amended Complaint be DENIED.[1]

## V. RIGHT TO OBJECT

If any party wishes to object to any part of these Findings, Conclusions, and Recommendation, the party must file specific written objections within fourteen days after being served with a copy of these Findings, Conclusions, and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(B). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

---

[1] The Plaintiffs requested leave to amend their pleadings in their Response to the Movants' Motion to Dismiss if the Court grants the Movants' Motion. Dkt. No. 27 at 5. For the reasons explained above, any further attempts to re-plead alter ego would be futile. And if Plaintiffs seek to amend their Complaint to assert a premises liability cause of action against the Movants, *see* Dkt. No 27 at 2–3, such an amendment would also be futile because a "lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises" because the lessor "relinquishes possession or occupancy of the premises to the lessee" *Johnson Cnty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996) (citing RESTATEMENT (SECOND) OF TORTS § 365 cmt.a (1965)).

objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 28th day of October, 2022.

                                          _____
                                        JOHN R. PARKER
                                        UNITED STATES MAGISTRATE JUDGE