IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| JON DISHON, *et al.*, §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§ Civil Action No. 6:22-CV-00001-H-BU<br>§<br>LONESOME CREEK RESORT, LLC, §<br>*et al.*, §<br>§<br>Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Jon and Nicole Dishon ("Plaintiffs") brought this action on behalf of themselves and their minor children alleging negligence against Lonesome Creek Resort LLC d/b/a JL Bar Ranch, Resort & Spa ("Lonesome Creek"), and LCR Management, LLC d/b/a JL Bar Ranch, Resort & Spa ("LCR Management") (collectively, Defendants).[1] Dkt. No. 23. This case was referred to the undersigned for pretrial management. Dkt. No. 16.

On September 6, 2024, the parties filed a Joint Motion to Appoint Guardian Ad Litem for T. Dishon, the only plaintiff who is still a minor. Dkt. No. 102. The Joint Motion notified the Court that all claims between the Plaintiffs and Defendants have been resolved

---

[1] Plaintiff filed suit on October 22, 2021. Dkt. No. 1. Initially, in addition to Defendants, Plaintiffs also sued JBA Diversified Holdings, LLC, JL Bar Ranch, LP, and JL Bar GP, LLC, who are no longer parties to this case after Plaintiffs dropped JBA as a defendant in their Second Amended Complaint (Dkt. No. 23), and the Court dismissed JL Bar Ranch and JL Bar GP. Dkt. No. 39.

1

and requested the appointment of a guardian ad litem to represent T. Dishon's interests in connection with seeking Court approval of her portion of the settlement. *Id*.

### 1. Factual background

This personal injury action arises from a family vacation in which the Dishon family was involved in a Utility Terrain Vehicle ("UTV") accident while vacationing at the JL Bar Ranch, Resort & Spa ("Resort"). Dkt. No. 23 at 3. Defendant Lonesome Creek is a Texas limited liability company that leases the 12,600-acre property the Resort is located on and operates the Resort. Dkt. No. 45 at 5. Defendant LCR Management is a Texas limited liability company that employs those who work at the Resort. Dkt. No. 23 at 3.

The Resort, which sits in Sutton County, offers hotel accommodations, dining, horseback riding, swimming, skeet shooting, and guided hunting. *Id.*; Dkt. No. 45 at 5. It also offers tours of the Resort on All Terrain Vehicles ("ATVs") and off-road UTVs. Dkt. No. 45 at 5. In November 2020, the Dishon family and two other families, the Closes and Rizofs, traveled together from California to the Resort for a paid vacation. Dkt. No. 53 at 9.

On November 8, 2020, Plaintiffs were on a guided off-road UTV tour offered by the Resort. *Id*. Near the end of the tour, the UTV driven by then-minor Reese Dishon and carrying the Dishon family rolled on its side, severely injuring then-minor Dylan. A. Dishon. *Id*. Also in the UTV when it rolled, sitting in the middle rear seat, was Dylan's younger sister, T. Dishon. Dkt. No. 23 at 4. Dylan suffered a compound fracture of her right tibia and was airlifted to a hospital where she underwent surgery for the placement of a titanium

rod. *Id.* at 16. Among the claims brought by Jon and Nicole was a bystander claim on behalf of T. Dishon. *Id.* at 15.

### 2. Prove-up hearing

The parties jointly requested that the Court appoint Russell Lorfing as guardian ad litem for T. Dishon. Dkt. No. 102 at 2. The Court appointed Lorfing, set a prove-up hearing for October 23, 2024, and instructed Lorfing to file his report under seal prior to the hearing. Dkt. No. 103. Lorfing filed a thorough report on October 11, 2024, detailing the steps he took to become familiar with the facts of the case, the nature and extent of T. Dishon's injuries, and the terms of the proposed settlement on her behalf. *See* Dkt. No. 106.

Then, on October 23, 2024, the Court conducted the prove-up hearing by Zoom, a format requested by all parties. Dkt. Nos. 104, 105, 107. Plaintiffs Jon and Nicole Dishon appeared for the hearing with their minor daughter, T. Dishon. Also present were Plaintiffs' attorneys William Angelley and Michael Allen Walsh. Defendants were represented by their attorney, Christian P. Shippee.

During the hearing, the undersigned learned the details of T. Dishon's injuries and the terms of the proposed settlement on her behalf. The proposal calls for the payment by Defendants of $25,000.00 (twenty-five thousand) into the registry of the Court on T. Dishon's behalf. The proposal further provides that no funds may be withdrawn from the registry while T. Dishon is a minor without Court approval. Once T. Dishon reaches the age of majority, the funds would be released to her.

Lorfing testified and established to the Court's satisfaction that he thoroughly investigated the facts relevant to T. Dishon's injuries, carefully reviewed and considered the

terms of the parties' Confidential Settlement and Release Agreement, and meaningfully engaged in conversation with T. Dishon and her parents about her injuries. Based on his consideration of the above, Lorfing recommended that the Court approve the proposed settlement as fair, reasonable, and in T. Dishon's best interests.

### 3. Analysis

*a. The Court should accept the proposed settlement of T. Dishon's bystander claim.*

Federal Rule of Civil Procedure 17(c) mandates that a court appoint a guardian ad litem whenever the interests of a minor's representative and the interests of the minor themselves may conflict. *Gaddis v. United States*, 381 F.3d 444, 453 (5th Cir. 2004). The appointment of a guardian ad litem serves to protect a minor's rights and interests and to ensure that they have proper access to the judicial system. *Id.* at 453–54.

The authority of a guardian ad litem, however, is governed by the law of the minor's domicile—here, Texas. *Hickson on behalf of Estate of Hickson v. City of Carrollton*, No. 3:18-CV-2747-B (BH), 2020 WL 5087881, at *2 (N.D. Tex. Aug. 25, 2020), *report and rec. adopted*, 2020 WL 5096680. Texas law authorizes a guardian ad litem to negotiate a settlement and to execute settlement agreements on a minor's behalf, but a court must approve any settlement before it may go into effect. *Id.*

When evaluating a proposed settlement of a minor's claims, courts consider "the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation." *Elkhayam v. Lufthansa German Airlines*, No. Civ.A. 304CV50K, 2005 WL 743054, at *1 (N.D. Tex. Apr. 1, 2005), *report and rec. adopted*, 2005 WL

1025963. At base, though, the court must determine that the settlement is in the minor's best interests. *Hickson on behalf of Estate of Hickson*, 2020 WL 5087881, at *2.

During the hearing, the undersigned was presented with: (1) the circumstances giving rise to T. Dishon's bystander claim, (2) the nature and extent of T. Dishon's injuries as a bystander to her sister's injuries, (3) the testimony of T. Dishon's parents, Jon and Nicole, and their understanding of the risks of litigation, (4) the terms of the proposed settlement, and (5) the testimony and recommendation of Lorfing. Based on careful consideration of these factors, the undersigned finds that the agreement of the Defendants to pay $25,000.00 into the registry of the Court for the use and benefit of T. Dishon is fair, reasonable, and in T. Dishon's best interests. The undersigned further finds the parties' agreement to require Court approval for the withdrawal of funds until T. Dishon reaches the age of majority is fair, reasonable, and in T. Dishon's best interests. For these reasons, the undersigned RECOMMENDS that the Court approve the proposed settlement.

  b. <u>The Court should award the guardian ad litem fees in the amount of $2,192.00</u>.

Lorfing testified that his fees for serving as guardian ad litem totaled $2,192.00. The parties agree that this amount is reasonable, that this amount should be taxed as court costs, and that the Defendants will pay these costs directly to Lorfing. The undersigned agrees and finds that the amount requested by Lorfing is eminently reasonable and RECOMMENDS that the Court award Lorfing guardian ad litem fees in the amount of $2,192.00, to be taxed as costs of court and paid by Defendants directly to Lorfing.

**4. Conclusion**

For the reasons above, the undersigned RECOMMENDS that the Court:

  *a.* Approve the parties' agreement to settle the bystander claim of T. Dishon for the payment by Defendants of $25,000.00 into the registry of the Court for the use and benefit of T. Dishon with only court-approved withdrawals until T. Dishon reaches the age of majority;

  *b.* Order that upon T. Dishon reaching the age of majority, any funds remaining in the registry of the Court for her use and benefit be released to her;

  *c.* Order all parties to cooperate in executing all documents and taking whatever actions that may be reasonably necessary to give full effect to the parties' agreement to settle T. Dishon's claim;

  *d.* Order the taxing of costs against Defendants in the amount of $2,192.00 for the payment of Lorfing's guardian ad litem fee, to be paid directly by Defendants to Lorfing within 30 days of the Court's ruling on this FCR;

  *e.* Order all other court costs and fees paid by the party incurring same;

  *f.* Dismiss with prejudice all other claims in this lawsuit brought by Plaintiffs Nicole Dishon and Jon Dishon, Individually and as Parents, Natural Guardians, and Next Friends of T. Dishon, a Minor, Dylan A. Dishon, and Reese Dishon; and,

  *g.* Dismiss with prejudice all counterclaims brought against Plaintiffs by Defendants Lonesome Creek Resort, LLC, and LCR Management, LLC.

  **5. Waiver of right to object**

  The parties stipulated on the record during the prove-up hearing that each waived the 14-day period to file written objections to this FCR. The undersigned thus further

RECOMMENDS that the Court accept the parties' waiver and proceed with a clear error review of this FCR in due course.

ORDERED this 30th day of October 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE